UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHEA W. HELTON, | : | CIVIL NO: 1:20-CV-00076 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**
October 25, 2021

Plaintiff Dorothea Helton brings a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, claiming that she was injured on property in Mt. Union, Pennsylvania belonging to the United States Postal Service. The United States filed a motion for summary judgment, a brief in support of that motion, and a statement of material facts with supporting documents. We ordered Helton to file a brief in opposition to the motion for summary judgment, a response to the statement of material facts filed by the United States, and any transcripts, affidavits, or other relevant documents in accordance with Local Rules 7.6 and 56.1.

After Helton failed to file a brief or other documents in opposition to the pending motion for summary judgment, we ordered her to show cause, on or before October 20, 2021, why this action should not be dismissed pursuant to Fed. R. Civ.

P. 41(b) in that she has failed to prosecute this action. We noted that were Helton to fail to show cause, we may deem her to have abandoned this lawsuit, and we may dismiss this case. Helton requested and received an extension of time until November 10, 2021, to respond to the show cause order.

On October 21, 2021, Helton filed a document, which it appears she intended to be her brief in opposition to the summary judgment motion. *See doc. 40*. To that document, Helton attached numerous exhibits consisting of medical records, witness statements that are neither sworn to nor made under penalty of perjury,[1] and photographs. *See docs. 40-1, 40-2*. Given this filing, we will not deem Helton to have abandoned this case, and we will not dismiss the case on the basis that she failed to prosecute this action. But Helton still has not properly responded to the United States' summary judgment motion. Even if we consider the document that she filed on October 21, 2021, as her brief in opposition to the summary judgment motion, she has not filed a response to the United States' statement of material facts

---

[1] Witness statements may be submitted either by affidavit or by an unsworn declaration submitted under penalty of perjury. *See* 28 U.S.C. § 1746. "Thus, while an unsworn statement may be considered on summary judgment, an unsworn statement that has not been made under penalty of perjury cannot." *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019). And "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

(*doc. 30*). We will provide Helton with one final opportunity to do so. And because she is proceeding *pro se* and it appears that she may not know how to respond to a statement of material facts, we will briefly explain to her how to respond to a statement of material facts.

To properly respond to the United States' motion for summary judgment, Helton must comply with Local Rule 56.1 and respond to the United States' statement of material facts. Local Rule 56.1 requires a party moving for summary judgment (here the United States) to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. The Rule, in turn, requires the non-moving party (here Helton) to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [by the moving party], as to which it is contended that there exists a genuine issue to be tried." *Id.* The "[s]tatements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements," and "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." *Id.* Thus, to properly respond to the United States' motion, Helton must file a response to the United

3

States' statement of material facts, stating for each paragraph whether she admits or denies the statement set forth in that paragraph, and when Helton denies a statement, she must point to evidence that raises a genuine issue of fact as to that statement.

**IT IS ORDERED** that on or before **November 15, 2021**, Helton shall file a response to the United States' statement of material facts and supporting summary judgment evidence[2] in accordance with Local Rules 7.6 and 56.1.

*Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[2] Summary judgment evidence includes "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).